UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

AMY PEREZ,
a citizen and resident of Washington,

Plaintiff,

vs.

CARNIVAL CORPORATION,
A Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, AMY PEREZ ("Plaintiff"), a citizen and resident of the State of Washington, and hereby files this Complaint against the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("Defendant"), a Panamanian corporation with its principal place of business in Florida, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff is a citizen of the State of Washington and is otherwise *sui juris*.

3. Defendant CARNIVAL CORPORATION is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida, doing business at all material times under the fictitious name CARNIVAL CRUISE LINES. Defendant is both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity, since Plaintiff is a resident and citizen of the State of Washington and Defendant is a citizen of Florida for purposes of 28 U.S.C. § 1332 since its principal place of business is in Florida. The amount of damages claimed exceeds $75,000.00, the threshold amount for federal jurisdiction under 28 U.S.C. § 1332. The damages alleged in Paragraph 17 below, including dislodging of her neurostimulator requiring corrective surgery, support an award of damages in excess of $75,000.00.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, Defendant was, and is, engaged in the business of operating maritime cruise vessels for fare paying passengers, including Plaintiff.

7. In the operative ticket contract, Defendant requires fare paying passengers such as Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

8. Venue is also proper because Defendant's principal place of business is located within this judicial district.

9. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant with timely notice as required by the ticket contract. A copy of the notice letter, dated December 2, 2024, is attached hereto as *Exhibit 1*.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "Pride."

11. At all material times, the Plaintiff was a fare paying passenger on the "Pride" and in that capacity was lawfully on the vessel.

12. At all material times, fare paying passengers on the "Pride," including the Plaintiff, were on a tender boat provided for transportation from the "Pride" to and from a scheduled stop in Greenland.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

13. At all material times, the passengers undertaking the stop to Greenland referenced in the preceding paragraph, including the Plaintiff, did so with the knowledge and consent of the Defendant, so that Defendant at all material times knew, should have known or reasonably foreseen that the Plaintiff would be participating in the stop and would require transportation to and from the Greenland site.

14. At all material times, Defendant utilized a tender boat to provide transport for its passengers to and from the Greenland site.

15. On September 15, 2024, Plaintiff was a fare paying passenger aboard a tender boat adjacent to the "Pride," while returning to the vessel from Greenland as referenced above.

16. At the time and place referenced in the preceding paragraph, Plaintiff was sitting on a bench in the tender boat when the tender boat suddenly accelerated and collided with the "Pride," causing a whiplash effect and thereby injuring Plaintiff's neck, head, right arm and right scapula.

17. As a direct and proximate result of the collision between the tender boat and the "Pride" as described in the preceding paragraph, Plaintiff was injured in and about her body and extremities, including but not limited to injuries to her head, neck, right scapula, right arm and fingers, suffered pain therefrom, and sustained mental anguish, disfigurement, disability, sustained aggravation and activation of preexisting injuries, including dislodging of a previously implanted neurostimulator, and sustained the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries. The future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT OPERATION OF TENDER BOAT (VICARIOUS LIABILITY)**

Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters:

18. At all material times, the employees, agents, servants and crew of Defendant assigned to and responsible for operating the tender boat referenced in Paragraphs 15 and 16 above owed those

passengers, including Plaintiff, a duty of reasonable care for their safety, including a duty to operate the tender boat in a reasonably safe manner.

19. At all material times, Defendant was vicariously liable for any negligence or failure to exercise reasonable care by crewmembers operating the tender boat at all material times, since those crewmembers were acting in furtherance of the business of the vessel, i.e. transportation of passengers to and from land-based sites, in performing those tasks.

20. At all material times, the Defendant's crewmembers responsible for operating the tender boat breached their duty of care owed to Plaintiff when one of those crewmembers operating the tender boat negligently operated the boat, causing it to accelerate suddenly and collide with the cruise ship "Pride" as described in Paragraph 16 above, thereby causing the injuries to Plaintiff described in Paragraphs 16 and 17 above.

21. The specific acts of negligence of responsible Defendant's crewmembers, employees, agents, or servants referenced above, for which Defendant is vicariously liable as alleged above, include:

a. Negligent operation of the tender boat, causing it to collide with the cruise ship;

b. Negligent failure to keep the tender boat under proper control while operating it;

c. Negligent failure to keep a proper lookout for obstacles, such as the "Pride," while operating the tender boat;

d. Negligently accelerating the tender boat without adequate warning to passengers;

e. Negligent failure to provide adequate acceleration and collision protection for the passengers in the tender boat, including Plaintiff.

f. Negligent failure to warn or alert passengers through orally delivered or written warnings or otherwise, before accelerating the tender boat

22. As a direct and proximate result of the negligence of the Defendant employees, agents, or servants as alleged above, for which Defendant is vicariously liable as alleged above, Plaintiff has sustained and will continue to sustain in the future the damages alleged in Paragraph 17 above.



GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: October 16, 2025

***/s/PHILIP M. GERSON***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*